# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

GEORGE EDWARDS                                                            PLAINTIFF

V.                                         NO. 2:12CV39-MPM-JMV

SENATOBIA MUNICIPAL SCHOOL DISTRICT                  DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is plaintiff George Edwards' motion to reconsider this court's denial of appointment of counsel. After due consideration, the motion shall be denied.

### Factual and Procedural Background

Edwards, a *pro se* litigant, filed suit against his former employer following receipt of an Equal Employment Opportunity Commission issued right to sue letter. Edwards initiated the suit by filing a motion to proceed *in forma pauperis*, which was granted, as well as a motion to appoint counsel, which was denied. The denial of counsel was based primarily on plaintiff's inadequate attempts to obtain counsel. Since the initial order, plaintiff has supplied the court with evidence of contact with numerous attorneys. The court now reconsiders the motion to appoint counsel.

### Motion for Counsel

There is no automatic right to counsel in Title VII cases. *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir.1997). "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant...." 42 U.S.C. § 2000e–5(f)(1). Although this section grants the right to request an attorney, it does not confer a right to actually have one appointed. The decision whether to appoint

an attorney is one within the broad discretion of the court given the particular facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir.1990); *Young v. K–Mart Corp.*, 911 F.Supp. 210, 211 (E.D.Va.1996). The following factors are generally balanced by courts in determining whether to appoint an attorney: the merits of the claim, the plaintiff's own efforts to secure counsel, and the plaintiff's financial ability to retain private counsel. *Gonzalez*, 907 F.2d at 580. Several courts also consider a plaintiff's ability to present the case without the assistance of an attorney, *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C.Cir.1984); *Young*, 911 F.Supp. at 211, *Reado v Texas General Land Office*, 929 F. Supp. 1046 (E.D. Tex., 1996). The Fifth Circuit has implicitly recognized the correctness of such inquiry, *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166–67 (5th Cir.1990), see also *Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001) (court upheld denial concluding that the plaintiff had the present ability to investigate and present the case). Further, in determining a motion for appointment of counsel, a court must consider the hardship of imposing "involuntary servitude" upon a member of the bar when the likelihood of success appears slight. *Tatum v. Community Bank*, 866 F.Supp 988 (E.D. Tex. 1994).

**A. Financial Ability to Retain Private Counsel and Efforts to Secure Counsel**

In analyzing the plaintiff's financial ability to retain counsel there need only be insufficient assets and income to enable movant to afford an attorney to investigate his claim. Since the plaintiff has already met the heavier burden to proceed *in forma pauperis*, he has clearly met the need based requirement. The court would note, however, that many, if not most plaintiff's attorneys, will take cases based on contingency fees. This is an avenue the plaintiff may want to consider.

As to plaintiff's efforts to obtain counsel, Plaintiff has listed numerous lawyers and law firms he contacted with regard to obtaining counsel. The court considers his efforts significant enough to have this factor weigh in his favor. The court does note that plaintiff claims that attorneys are

reluctant to take a case against the school board; however, given that there are a number of suits in this court against school districts and school boards, the court is reluctant to consider this as a reason for appointing counsel. Nonetheless, the court does find that Mr. Edwards has made adequate attempts to retain counsel.

**B. Merits of the Case**

Appointment of counsel is warranted only if plaintiff's claims are likely to be of substance; while a plaintiff may have put forth enough evidence to survive summary judgment, he can still fail to obtain appointment of counsel. *Preado v Texas General Land Office*, 929 F.Supp. 1046, 1053 (E.D. Tex 1996). Movant's EEOC charge alleges discrimination based on race; however, the evidence appears to make this claim unlikely. Plaintiff then alleges age and gender grounds in his complaint in this court. These claims are currently being challenged with a motion to dismiss for failing to have raised age and gender discrimination in his E.E.O.C. charge. While movant may or may not have presented evidence sufficient to avoid summary judgment at this early stage, the more probing inquiry into the quality of the claims and weight of the evidence, along with the pending motion to dismiss, does not, at this stage, indicate the "merits of the case" factor weigh in plaintiff's favor for appointment of counsel.

**C. Plaintiff's Ability to Present His Case**

When it is clear that a Title VII plaintiff has been diligent in attempting to retain counsel and has proven that he is indigent and that some factual disputes exist, the court nevertheless retains discretion to deny a motion for appointment of counsel. *Praedo*, at 1052. *See also Gray v. Northern Ind. Pub. Serv. Co.*, 685 F.Supp. 695, 697 (N.D. Ind. 1988). As noted, Plaintiff's ability to represent himself without the aid of appointed counsel is relevant.

Movant's numerous motions and memoranda filed with this court indicate a clear ability to

present his case. In fact, the plaintiff's pleadings appear to have been written by a person with at least some schooling in the law. In light of his ability to produce, while acting *pro se*, such voluminous paperwork, including an historical analysis of constitutional law and its relation to criminal, or what the *pro se* plaintiff describes as "quasi criminal" matters (apparently for instructional purposes only, since no such claims are made in his complaint), the court can only conclude one of two things:

1) The plaintiff is not actually acting *pro se*, as he has represented to the court continuously, but instead, he is filing pleadings that are being prepared on his behalf by an attorney who has never entered an appearance in this matter; or

2) The plaintiff is acting *pro se* and has demonstrated with his filings that he is capable of preparing and filing any necessary paperwork/arguments to advance his claims.

With respect to the first option, since adopting it would involve a finding of considerable wrongdoing in the form of misrepresentation to this court by the plaintiff (and any attorney who is acting surreptitiously on his behalf to prepare and file pleadings, which purport to be "*pro se*"), the court will not adopt this conclusion. Instead, at this juncture, the court will take Plaintiff at his word that he has been proceeding pro se, and in light of his demonstrated brief writing abilities as a *pro se* plaintiff concludes appointment of counsel is not necessary. This is particularly so where knowledge of complex legal issues will not be required in this standard Title VII case.

Based on the limited scope of the legal issues presented and the job Mr. Edwards has done presenting his case *pro se* up to this point in this litigation, this factor weighs against granting plaintiff's motion for appointment of counsel.

## Conclusion

The Court has considered plaintiff's efforts and financial ability to retain counsel, as well as

the merits of the claim and his present ability to represent himself and finds that these factors, in conjunction with the court's reluctance to impose the burden of involuntary servitude on a member of the bar, weigh in favor of the court's original decision to deny counsel. Plaintiff's motion for reconsideration is therefore DENIED.

This the 4th day of June, 2012.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE