# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GEORGE EDWARDS**                                                      **PLAINTIFF**

**VS**                                      **CIVIL ACTION NO. 2:12-CV-39-MPM-JMV**

**SENATOBIA MUNICIPAL SCHOOL DISTRICT**                                 **DEFENDANT**

## ORDER

This matter is before the court on defendant's motion to dismiss plaintiff's age, gender, religion and national origin discrimination claims for failure to exhaust administrative remedies (#7). After considering the motion, the responses thereto, and the applicable law, the Court finds that the defendant's motion should be granted.

George Edwards ("Plaintiff" or "Edwards"), an African American, was employed by the defendant Senatobia Municipal School District ("Defendant" or "School District") as a custodian and bus driver from July 28, 2011, until August 2, 2011. This suit arises out of his dismissal following the alleged theft of a cell phone belonging to a Caucasian teacher. According to the charge of discrimination dated and filed with the EEOC on August 19, 2011. Mr. Edwards claims his dismissal was due to his race. Mr. Edwards' formal EEOC charge reads as follows:

I was hired July 28, 2011 as a Custodian/Bus Driver. I was discharged August 2, 2011.
Jay Foster, Superintendent said I was discharged due to theft.
I believe I was discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended since:
A.     The area where I was working, I entered and exited the classroom as I would any other classroom. I did not remove anything items [sic] from anyone's classroom. Upon belief, I was singled out because the employee's cellular telephone that was allegedly missing belonged to a white teacher. There were eight other white teachers in the area where the cellular telephone was missing. However, I believe this was a form of stereo-typing [sic], [to]accuse the black employee[s]. I have never stolen anything. Superintendent Jay Foster ask[ed] one of his men to escort me to the door liked [sic] I was a

criminal and told me don't come back. Four other workers were question[ed] all black.

Plaintiff filed the instant suit on February 28, 2012; however, plaintiff did not attach his EEOC charge to his complaint.[1] Instead, plaintiff attached a copy of his EEOC intake questionnaire signed August 11, 2011, and filed with the EEOC August 15, 2012. In the intake questionnaire, as a basis for a claim for discrimination, Mr. Edwards placed check marks next to race, sex and age. However, in the narrative describing the disparate treatment, he states:

> [That] other black janitors were asked if they had stolen the phone and allowed to go back to work. I was accused and sent home-fired, for being in the area.
> He [Superintendent Foster] then asked if I would like to see the [surveillance] tape in the office - I said yes - They then showed me a tape that showed me in entering [sic] and exiting the room, as I do in cleaning and arranging the room (doing my job). It did not show me doing anything else. It also showed other people in that area, but I was the only black male in the area.

Following the submission of this intake questionnaire, Mr. Edwards filed the previously referenced formal EEOC charge, in which he only indicated his intent to pursue a Title VII claim for racial discrimination, and in which he makes no reference to his age or his sex, but includes the aforementioned detailed narrative alleging that his race was the basis for the termination of his employment.

The EEOC charge was presented to the School District putting them on notice of the claim and was the basis of the subsequent investigation. The intake questionnaire was never served on, or otherwise provided to, the defendant in connection with the EEOC filing or the investigation. On December 15, 2012, the EEOC issued a "right-to-sue" letter based on the charge of racial

---

[1]Although the charge itself was not attached to the complaint, the court may consider the plaintiff's EEOC charge in ruling on the defendant's Rule 12(b)(6) motion because it is referenced in the plaintiff's complaint and is central to his Title VII claims. See *Causey v. Sewell Cadillac-Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2001).

discrimination. On February 28, 2012, plaintiff timely filed his complaint and motion to proceed *in forma pauperis*. In his complaint, Plaintiff includes claims for age discrimination under 29 U.S.C. §§ 621 et seq. (ADEA) and for race, gender, religion and national origin discrimination under 42 U.S.C. §§ 2000e et seq. (Title VII). On March 29, 2012, Defendant filed the subject motion to dismiss plaintiff's age, gender, religion and national origin discrimination claims. Mr. Edwards concedes the dismissal of the religion and national origin claims.

## STANDARD OF REVIEW

In evaluating a Rule 12(b)(6) motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). To survive a defendant's motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Id*. Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.4 (5th Cir. 2004).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept

well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S.Ct. at 1950 (citation omitted). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir.2000). Further, a court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp*., 212 F.3d 595, 595 (5th Cir.2000).

## **<u>DISCUSSION</u>**

Employment discrimination plaintiffs must exhaust their administrative remedies before pursuing claims in federal court. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir.2002). Exhaustion under Title VII requires filing a timely charge of discrimination with the EEOC and receipt of a "right-to-sue" letter. 42 U.S.C. § 2000e–5 (e) and (f); *see also Taylor*, 296 F.3d at 379. Exhaustion "serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved ." *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44 (1974), and *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 466 (5th Cir.1970). One of the primary purposes of an EEOC charge is to put an employer on notice of the existence and nature of the charges against it. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 879-80 (5th Cir.2003).

The scope of a lawsuit is limited to the allegations made in the EEOC charge and any claims that could reasonably be expected to grow out of it. *See Fine v. GAF Chem. Corp*., 995 F.2d 576, 578 (5th Cir.1993). Courts are to "construe employment discrimination charges with

4

the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir.1982). To determine whether an allegation in a complaint falls within the scope of a charge filed with the EEOC, a court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge." *Pacheco v. Mineta*, 448 F .3d 783, 789 (5th Cir.2006). A court action cannot encompass facts or issues not relating to the subject matter of the EEOC charge. *Id.* In fact, "... allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charges." *Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 271 (5th Cir.2004).

The Fifth Circuit noted in *Thomas v Texas Department of Criminal Justice*, 220 F.3d 389 (5th Cir. 2000) that, "the scope of a Title VII complaint is limited to the scope of the EEOC investigation which it can reasonably be expected to grow out of the charge of discrimination. *Id* at 395. The Court went on to explain that plaintiff's later asserted race claim was not necessarily encompassed in her gender claim submitted to the EEOC, and was not properly before the court for failure to satisfy the exhaustion requirement of 42 U.S.C. § 2000e-5(a); 29 U.S.C. § 626(d)(1). *Id.* Similarly, here, the court cannot properly consider plaintiff's age and gender claims, as plaintiff argues, based on their inclusion in the complaint itself, as they were not asserted in the EEOC charge investigated and presented to the School District.

Furthermore, while the court does note that Mr. Edwards incorporates the EEOC intake questionnaire in his complaint, there is no evidence that the earlier filed intake questionnaire was investigated by the EEOC. It appears from the record that the EEOC relied on the later filed

5

EEOC charge, which alleged a sole claim of racial discrimination, as a basis for the investigation. What is more, the Fifth Circuit has held that where a party fails to provide any evidence that a defendant received notice of a party pursuing claims outside the scope of the charge, an intake questionnaire cannot be substituted for a proper charge. *Harris v. Honda,* 213 Fed.Appx. 258, 262 (5th Cir. 2006).

It is well settled that courts are to give leeway and make allowances for pro se plaintiffs when reviewing shortcomings with regard to administrative complexities; however, the consideration given to pro se plaintiffs is not enough to outweigh the underlying purpose of the exhaustion requirements, which is to ensure that employers have notice of claims of discrimination, *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. 1981).

In the case at bar, nothing in plaintiff's charge could reasonably have triggered the EEOC to investigate beyond the allegations of discrimination based on race. Beyond the fact that plaintiff only checked the box for race on the charge, the narrative provided by the plaintiff in the charge makes it clear that he believed his termination was based on his race "black." The plaintiff's gender and age claims go beyond the scope of discrimination stated in the charge itself or developed in the course of a reasonable EEOC investigation of that charge. *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 466 (5th Cir.1970).

## CONCLUSION

Based on the record, the only discrimination claim asserted in Plaintiff's EEOC charge was a claim for racial discrimination. Mr. Edwards has conceded the dismissal of claims for religion and national origin discrimination. With regards to the age and gender discrimination claims, Mr. Edwards has failed to exhaust his administrative remedies. Accordingly, for the

6

foregoing reasons, defendant's motion to dismiss plaintiff's age, gender, religion and national origin discrimination claims (#7) shall be granted.

So ordered, this 28th day of August, 2012.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI